UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL K. HUNT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　Defendant. | No. 2:20-cv-00109 TLN AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and

1

(3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

Plaintiff brings suit against the State of California. ECF No. 1 at 1. Plaintiff alleges his Sixth Amendment right to counsel was violated. Id. at 5. He alleges that he was denied counsel three times at trial by a state judge in Shasta County in violation of his civil rights. Id. at 6. Plaintiff spent 28 months in prison and lost his income as a teacher, is now labeled a sex offender, and the state refuses to return his teaching credentials. Id. at 7. Plaintiff seeks an award of five million dollars. Id. at 8. Plaintiff attaches a portion of a transcript, apparently from the trial at

2

issue, which shows the state judge declining to appoint counsel mid-trial after plaintiff had previously refused counsel. ECF No. 1 at 9-11.

   B. Analysis

Plaintiff's complaint fails because it seeks relief against a defendant that is not amenable to suit. The State of California is not a "person" that can be sued for civil rights violations under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). The Supreme Court has "held that a State is not a "person" against whom a § 1983 claim for money damages might be asserted." Lapides v. Bd. of Regents of Univ. Sys. of Georgia, 535 U.S. 613, 617 (2002).

Ordinarily, this defect could be cured by substituting the individual who committed the alleged constitutional violation in for the State as the defendant in his or her personal capacity. Here, however, the individual who committed the alleged constitutional violation is a judge. "[G]enerally, a judge is immune from a suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991). Judicial immunity is overcome where (1) the actions in question are nonjudicial; or (2) the actions in question, though judicial in nature, were taken in complete absence of jurisdiction. Id. at 11-12. Here, the facts plaintiff alleges make clear that neither exception applies: the judge in question made a judicial determination not to appoint counsel while presiding over a criminal case. Thus, leave to amend would be futile.

Finally, the undersigned notes that immunity is not the only barrier to a lawsuit based on an allegedly wrongful conviction. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a civil rights action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has already been reversed or otherwise invalidated. Id. at 484. Even when expungement is not the relief sought, or plaintiff does not directly challenge the legality of the conviction, civil suit is barred if a judgment in favor of plaintiff would necessarily imply the conviction's invalidity. Id. at 487. Absent a showing that his conviction has been invalidated, plaintiff cannot maintain a lawsuit predicated on the theory that his constitutional

rights were violated at trial and/or that the judgment in his criminal case was unlawful. For these reasons, the complaint should be dismissed without leave to amend.

## II. Conclusion

Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED with prejudice because it fails to state a claim upon which relief can be granted and because it brings claims against immune defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: February 28, 2020

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE